**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JESSICA ELIZABETH GUNCAY JUELA,    ) ) ) | |
| Petitioner,    ) | |
| v.    ) | Case No. CIV-26-501-G |
|    ) | |
| WARDEN, DIAMONDBACK CORRECTIONAL FACILITY[1], et al.,    ) ) ) | |
| Respondents.    ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jessica Elizabeth Guncay Juela, a noncitizen appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Charles B. Goodwin referred the case to the undersigned

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Department of Homeland Security (DHS) Secretary Markwayne Mullin is substituted for former Secretary Noem as a party. https://www.dhs.gov/news/2026/03/24/us-senate-confirms-markwayne-mullin-secretary-department-homeland-security (last visited Apr. 30, 2026). Todd Blanche is the acting Attorney General and is substituted for former Attorney General Pam Bondi as a party. https://www.justice.gov/ag (last visited Apr. 30, 2026). Respondent Warden of Diamondback Correctional Facility is a not federal official, and the response is not filed on the Warden's behalf. *See* Doc. 15, at 8 n.1.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 10.[3] The Government responded, Doc. 15, and the time for Petitioner to reply has lapsed. *See* Doc. 11, at 1. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition, in part, and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if she has not received a lawful bond hearing within that period.

## I.     Factual background and procedural history.

Petitioner is a citizen of Ecuador who has been in Immigration & Customs Enforcement (ICE) custody since January 2026 after ICE encountered her "on her way to work," "stopped the vehicle in which she was traveling," and placed "Petitioner and her husband . . . into custody." Doc. 1, at 2.

Petitioner entered the United States in November 2022, without admission or parole after inspection, and "sought protection through the asylum process." *Id.* at 1; *see also* Doc. 15, Ex. 2 (I-589 Application for Asylum

---

[3]     Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

and Withholding of Removal). She maintains "that she has no criminal history whatsoever and has never been arrested for or convicted of any crime." Doc. 1, at 1-2.

ICE placed her in removal proceedings pursuant to 8 U.S.C. § 1229a by issuing a Notice to Appear (NTA). Doc. 15, Ex. 1. She was charged by DHS as removable under 8 U.S.C. § 1182(a)(6)(A)(i) of the Immigration and Nationality Act (INA) as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. *Id.*

Petitioner has been detained since January 2026 without a bond hearing. Doc. 1, at 2.[4] She is "the mother of a seven-year old child," and "[b]ecause both parents were detained . . ., the child had no one available to care for him in the United States and had to be sent to Ecuador." *Id.* She states that "[t]he separation has caused severe emotional harm to both [her] and [the] child." *Id.*

## II.    Petitioner's claims.

---

[4]    In *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)*,* the Board of Immigration Appeals (BIA) held that those who entered the country without admission or parole are ineligible for a bond hearing and are detained under 8 U.S.C. § 1225(b)(2)(A). *Hurtado* is not binding on this Court. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("[C]ourts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

Petitioner raises two grounds for relief:

Ground One: Violation of the Immigration and Nationality Act (INA); and

Ground Two: Violation of the Due Process Clause of the Fifth Amendment.

*Id.* at 8-9. At bottom, she argues that she is not subject to mandatory detention under § 1225(b)(2) and her continued detention in Respondents' custody violates the INA and her due process rights. *Id.*

Petitioner asks this Court to issue an order directing Respondents to show cause why the petition should not be granted within three days, and set a hearing on the petition within five days of return[5]; declare that her "continued detention violates 8 U.S.C. § 1226(a), 8 C.F.R. § 236.1, and the Due Process Clause of the Fifth Amendment"; issue "a writ of habeas corpus ordering Respondents to immediately release [her] from the Diamondback Correctional Facility" or, in the alternative, "[o]rder a bond hearing to be held as soon as practicable, with bond set at an amount [she] can reasonably pay, and enjoin any further detention absent a valid bond hearing." *Id.* at 9-10. She

---

[5]    The Court addressed Petitioner's request for an order to show cause when it ordered Respondents to respond to the petition, *see* Doc. 10, and determines a hearing is unnecessary.

also seeks attorneys' fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Id.* at 10.

## III.   Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"When called on to resolve a dispute over a statute's meaning," the Court should "seek[] to afford the [statute's] terms their ordinary meaning at the time Congress adopted them" and to "exhaust all the textual and structural clues bearing on the meaning." *Niz-Chavez v. Garland*, 593 U.S. 155, 160 (2021) (internal quotation marks omitted). This Court's "'sole function' is to apply the law as the Court finds it, . . . not defer to some conflicting reading the government might advance." *Id.* (internal citation omitted); *see also Oklahoma v. U.S. Dep't of Health & Hum. Servs.*, 107 F.4th 1209, 1222 n.11 (10th Cir.

5

2024) (stating that the court "must independently interpret the statutory phrase irrespective of the parties' positions"), *judgment vacated on other grounds*, 145 S. Ct. 2837 (2025).

## IV.   Discussion.

### A.   Section 1226 governs Petitioner's detention.[6]

Petitioner asserts that Respondents violated the INA by detaining her without a bond hearing. Doc. 1, at 8. She argues that she is "detained pursuant to 8 U.S.C. § 1226(a)" which "does not authorize indefinite detention without a

---

[6]   Respondents maintain that Petitioner's INA claim is barred by the INA's jurisdiction channeling and stripping provisions in 8 U.S.C. § 1252(a)(5), (b)(9), and (g). Doc. 15, at 16-19. This Court, consistent with other district courts throughout the country, has dispensed with arguments by the Government that § 1252(a)(5), (b)(9), and (g) deprive the Court of jurisdiction when a noncitizen challenges their detention under 8 U.S.C. § 1225(b). *See, e.g.*, *Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3 (W.D. Okla. Jan. 20, 2026) ("Petitioner's claim that Respondents are detaining him without a bond hearing in violation of the INA does not divest the Court of jurisdiction. Such a claim does not 'arise from' and is not directly connected to the commencement of removal proceedings, the adjudication of removability, or the execution of any removal order. Rather, Petitioner challenges the legality of his continued detention under the statutory framework governing custody and bond determinations."); *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026) ("Here, because Petitioner challenges the legal question of whether he is subject to mandatory detention under § 1225(b)(2)(A) or detention under § 1226(a), and he does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, § 1252(g) does not jurisdictionally bar consideration of the Petition."). So, the undersigned recommends the Court find there is no jurisdictional bar to consideration of Petitioner's claims.

bond hearing, particularly for individuals with no criminal history." *Id.* Respondents maintain that she is detained under 8 U.S.C. § 1225(b)(2)(A). Doc. 15, at 8, 19-28. The undersigned agrees with Petitioner and determines she is detained pursuant to § 1226(a) and entitled to a bond hearing.

This Court has compared §§ 1225 and 1226 and decided noncitizens like Petitioner are entitled to a bond hearing under § 1226. *See, e.g.*, *Cortes*, 2026 WL 147435, at *3-7; *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026). The Court should reach the same result in this case.

Section 1225(b)(2)(A) "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control," and "'[n]oncitizens 'seeking admission' are those who have not effected an entry into the United States.'" *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025) (quoting *Sacvin v. Anda-Ybarra,* 2025 3187432, at *3 (D.N.M. Nov. 14, 2025)). Petitioner effected entry into the country over three years ago, so she is not subject to § 1225(b)(2)(A)'s mandatory detention requirement. Numerous Judges in this District have held likewise. *See Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *2 (W.D. Okla. Jan. 13, 2026) ("The court also agrees that § 1226(a), not § 1225(b)(2)(A, governs petitioner's detention."); *Valdez v. Holt*, No. CIV-25-

1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025) ("Because Petitioner has been unlawfully living in the United States for many years without seeking admission, this provision does not apply to him. Instead, Petitioner's detention is controlled by § 1226(a)."); *Escarcega v. Olson,* No. CIV-25-1129-J, 2025 WL 3243438, at *2 (W.D. Okla. Nov. 20, 2025) ("[B]ased on the plain language of § 1225(b)(2)(A), the phrase 'seeking admission' only applies to noncitizens who are presently and actively seeking lawful entry into the United States at the border.") (internal quotation marks and alterations omitted).[7] As well as determining that if "all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant and courts should avoid statutory interpretations that 'make[] any part [of the statute] superfluous.'" *Escarcega,*

---

[7]    *Cunha v. Freden,* 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (holding § 1225 applied to the petitioner's detention); *Montoya v. Holt*, No. CIV-25-1231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2026) (same); *Avila v. Bondi*, 2026 WL 819258, at *3 (8th Cir. Mar. 25, 2026) (applying § 1225 to a similar habeas challenge); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026) (same).

2025 WL 3243438, at *3 (quoting *Fuller v. Norton*, 86 F.3d 1016, 1024 (10th Cir. 1996)).

Respondents briefly suggest the Court should reconsider because "Petitioner has affirmatively sought a form of admission by applying for asylum." Doc. 15, at 27. But the Court has "declined to find" that either refusing to voluntarily depart or seeking asylum "'constitutes 'seeking admission' for purposes of this subsection.'" *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (quoting *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026)); *see also Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) (finding "§ 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum").

When Petitioner was detained after residing in the country for over three years, she was not subject to mandatory detention under § 1225(b)(2)(A). Instead, Petitioner is subject to § 1226, and "is entitled to a prompt bond hearing before an immigration judge pursuant to § 1226(a)." *Cortes*, 2026 WL 147435, at *7.

Petitioner has been unlawfully detained since January 27, 2026, *see* Doc. 1, at 1, without the bond hearing she is entitled to by law. Normally, at a bond hearing authorized under § 1226(a), the noncitizen bears the burden of proving

9

that he is neither a danger to the community nor a flight risk. *See* 8 C.F.R. § 236.1(c)(8); *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). Given Petitioner's prolonged detention under the incorrect statute, the Court should find that it is more appropriate for the government to bear the burden of proof in this context. *See, e.g., Garcia Cortes v. Noem*, 2025 WL 2652880, at *5 (D. Colo. Sept. 16, 2025) (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024)). "Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner has now been detained without a bond hearing for nearly ten months, depriving her of a core liberty interest. Under these circumstances, the government ought to bear the burden of proving that she poses a danger to the community or a risk of flight such that she should remain in detention. And the clear and convincing standard that generally "applies to civil detention where liberty is at stake" is appropriate here as well. *See L.G.*, 744 F. Supp. 3d at 1186 (first citing *United States v. Salerno*, 481 U.S. 739, 751 (1987), and then citing *Addington v. Texas*, 441 U.S. 418, 433 (1979)).

The undersigned therefore recommends the Court grant Petitioner's habeas petition and order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ under § 1226(a) within five

business days of the Court's adoption of this Report and Recommendation or, in the alternative, immediately release Petitioner.

> **B.      The Court should decline to address the merits of Petitioner's due process claim.**

Given the undersigned's recommendation as to the disposition of Petitioner's claim for relief under the INA, the undersigned recommends the Court refrain from addressing the merits of Petitioner's due process claim. The Court can grant her the relief she seeks under § 1226(a). *See Cortes*, 2026 WL 147435, at *7 ("The Court declines to decide the merits of such claim and Petitioner may renew such a claim if he is not provided with a bond hearing or released within seven days of this Order.").

## V.      Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas application, in part, and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ under 8 U.S.C. § 1226(a) where the Government must establish by clear and convincing evidence that Petitioner poses a danger to the community or is a flight risk within five business days or otherwise release Petitioner if she has not received a lawful bond hearing within that period. The undersigned further recommends**

**that the Court order Respondents certify compliance by filing a status report within five business days of the Court's order.** [8]

The undersigned further recommends the Court order that:

- Respondents shall not re-detain Petitioner without a pre-deprivation hearing before a neutral IJ under 8 U.S.C. § 1226(a); and

- Counsel for Respondents provide a copy of the Court's order to Counsel for the Warden of the Diamondback Correctional Facility without delay.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by May 4, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. [9]

---

[8]    Petitioner seeks EAJA fees, Doc. 1, at 9, but she proceeds pro se and "attorney fees are not available for pro se litigants under the EAJA." *Demarest v. Manspeaker*, 948 F.2d 655, 655 (10th Cir. 1991).

[9]    Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to three days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas

The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

 **ENTERED** this 30th day of April, 2026.

        SUZANNE MITCHELL
        UNITED STATES MAGISTRATE JUDGE

---

proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.”).